# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 786 - 1,2 | **DATE** | 1/29/2004 |
| **CASE TITLE** | United States of America vs. Ronald J. Presbitero, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss the indictment is denied. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| ☐ | No notices required, advised in open court. | |
| ☐ | No notices required. | number of notices |
| ☐ | Notices mailed by judge's staff. | |
| ☐ | Notified counsel by telephone. | JAN 29 2004 date docketed |
| ✓ | Docketing to mail notices. | |
| ☐ | Mail AO 450 form. | docketing deputy initials |
| ☐ | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| SLB | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 57

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 03 CR 786 |
| v. ) | |
| ) | George W. Lindberg |
| RONALD J. PRESBITERO and ) | Senior United States District Judge |
| JOE J. VELASQUEZ, ) | |
| also known as Pepe Velasquez ) | |

## MEMORANDUM AND ORDER

On August 14, 2003, a three-count indictment was filed against Ronald J. Presbitero ("Presbitero") and Joe J. Velasquez, a/k/a Pepe Velasquez ("Velasquez") (collectively, "Defendants"). Count I charges Defendants with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 by impeding, impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service in the correct determination and collection of revenue and income taxes. Counts II and III charge Presbitero with filing and causing the filing of false federal corporate income tax returns for the fiscal years ending April 30, 1997 and April 30, 1998, respectively, in violation of 26 U.S.C. § 7206(1).

Defendants have filed a motion to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b) and the Due Process Clause of the Fifth Amendment. Defendants' motion is hereby denied.

*Analysis*

Federal Rule of Criminal Procedure 12(b) provides, in relevant part, that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b). "A motion to dismiss an indictment is...similar to a civil Rule 12(b)(6) motion...." *United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1346, 1349 (N.D. Ill. 1997) (citation omitted). As such, an "indictment, or a portion thereof, may be dismissed

if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Labs of Va., Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003) (citation omitted); *but see United States v. Kingston*, 971 F.2d 481, 491 (10th Cir. 1992) ("Because it is a drastic step, dismissal of an indictment is a disfavored remedy.") (citation omitted).

After careful review, the Court concludes that dismissal is not appropriate because the factual bases for Defendants' motion have not been established. Moreover, the legal authority cited to support Defendants' arguments is inapposite. Accordingly, it is not necessary to subject the instant indictment to any further due process analysis.

**I.     The Indictment Does Not Amount to Harassment.**

Defendants assert that "the government offends Due Process where it harasses an individual by successive grand jury inquiries and successive indictments for offenses arising out of the same transactions and course of conduct." Based on that assertion, Defendants argue that the instant indictment constitutes harassment because it involves allegations and evidence similar to the allegations and evidence presented in *United States v. Presbitero & Presbitero Drywall Co.*, Case No. 02 CR 165 (N.D. Ill.). Defendants' position is not well-taken.

Defendants state that the instant indictment concerns, *inter alia*, Defendants' alleged conspiracy to defraud the United States by "issu[ing] checks to...six corporations...[and] claim[ing] these payments, totaling approximately $5.9 million, as cost of goods sold deductions on [Presbitero Drywall's] federal income tax returns...[even though] the six corporations were 'fictitious,' the invoices for work performed were 'false,' and the 'claimed payments had not been made.'" However, Defendants also acknowledge that the indictment in Case No. 02 CR 165 alleged that Defendants "made false statements and/or omissions in ERISA required documents, in violation of

2

18 U.S.C. § 1027, and...devised a scheme to defraud the Chicago District Counsel of Carpenters Pension, Welfare, and Apprentice Trust Funds..., in violation of 18 U.S.C. § 1341." Standing alone, these two admissions are sufficient to defeat Defendants' argument.[1] Quite clearly, the indictments are directed to completely different acts and offenses.[2] This distinction is crucial in light of the cases cited by Defendants in support of their motion.[3] *See Abbate v. United States*, 359 U.S. 187, 196-201 (1959) (Brennan, J., comment) (addressing possibility of one defendant being *tried repeatedly under separate federal statutes for the same underlying criminal acts/conduct*); *CA 79-2617 Cont'l Can*

---

[1] Defendants' own cases do not support their position that the instant indictment constitutes harassment. *See, e.g., United States v. Am. Honda Motor Co.*, 273 F. Supp. 810, 812, 819-20 (N.D. Ill. 1967) (involving defendant *indicted repeatedly for the same offense* in different federal districts). The general similarities identified by Defendants with respect to the allegations and evidence involved in both cases (*e.g.*, "alleged[] submi[ssion of] false documents,...amount of work actually performed,...same six subcontractor corporations,...[and] cashing of the same checks at the currency exchanges") are insufficient to justify dismissal. *See Abbate v. United States*, 359 U.S. 187, 196-201 (1959) (Brennan, J., comment) (concerning defendant *tried repeatedly for same criminal acts and/or conduct* under separate federal statutes); *United States v. Jordan*, 870 F.2d 1310, 1311-12, 1313-14 (7th Cir. 1989) (involving defendant tried for two separate offenses – one federal offense and one state offense – *arising out of a single act/event*); *CA 79-2617 Cont'l Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 591-93, 597 (7th Cir. 1979) (involving defendant *cited repeatedly for same offense*); *United States v. Am. Honda Motor Co.*, 271 F. Supp. 979, 980-81, 987-88 (N.D. Cal. 1967) (involving defendant *indicted repeatedly for same offense* in different federal districts).

[2] It is worth mentioning that Velasquez was never indicted in Case No. 02 CR 165. Moreover, Velasquez offers no authority for his argument that "the instant investigation and prosecution of...Velasquez amounts to harassment because the government had extensively investigated...Velasquez prior to the 2002 trial and had raised the factual issues surrounding this indictment in the 2002 trial." Because Velasquez simply adopts the authority cited in Presbitero's memorandum (authority addressing multiple *indictments* filed against the same defendant) and Case No. 02 CR 165 addressed actions unrelated to those addressed by the instant indictment, Velasquez's position does not merit further discussion.

[3] *County of Sacramento v. Lewis*, 523 U.S. 833, 836-37, 840 (1998) does not provide support for Defendants' position because it concerned a 42 U.S.C. § 1983 action alleging a deprivation of substantive due process and not harassment resulting from a subsequent criminal indictment filed against the same defendant.

*Co., U.S.A. v. Marshall*, 603 F.2d 590, 591-93, 597 (7th Cir. 1979) (defendant *cited repeatedly for same offense* suffered harassment); *United States v. Am. Honda Motor Co.*, 273 F. Supp. 810, 812, 819-20 (N.D. Ill. 1967) (defendant *indicted repeatedly for the same offense* in different federal districts suffered harassment); *United States v. Am. Honda Motor Co.*, 271 F. Supp. 979, 980-81, 987-88 (N.D. Cal. 1967) (same). In fact, one of the cases cited by Defendants held that a defendant subjected to prosecution for two separate offenses – possession of a firearm by a felon and attempted murder – arising out of a single act/event *had not been deprived due process. See United States v. Jordan*, 870 F.2d 1310, 1311-12, 1313-14 (7th Cir. 1989).

## II. The Indictments Do Not Present Diametrically Opposed Theories.

Defendants also argue that the allegations of the instant indictment "are facially inconsistent to the government's first trial theory despite the fact that no new evidence has come to light." In support, Defendants' state:

> In the 2002 case, the government theorized that Presbitero Drywall and Ronald Presbitero issued payments to the subcontractors for drywall installation labor, but did not report all of the worker hours on the monthly Fringe Benefit Funds Reports. Significantly, the government steadfastly argued that the corporation paid a substantial amount of money over time for extensive hours of actual labor....Under the new charges, however, the government theorizes that Presbitero Drywall's cost of goods sold deductions for payments to the subcontractors were inflated. In other words, the government now theorizes that all or some of the extensive hours of work performed (as was argued in the first trial) was not in fact performed.

On the basis of this purported inconsistency, Defendants request that the instant indictment be dismissed.

The indictments do not contain facially inconsistent allegations or allow for

4

diametrically opposed theories of prosecution.[4] Furthermore, Defendants' briefs do not explain why a party could not simply under report labor hours on ERISA-required documents *and* exaggerate its cost of goods sold deductions on its tax returns. The two filings are wholly unrelated and ultimately submitted to different federal agencies. Although both acts may constitute criminal behavior, they are independent from one another (and require the government to establish different criminal elements using evidence specific to each allegation). Therefore, it is possible to commit both criminal acts simultaneously in order to derive illegal benefits from each act. In such cases, the government should not have to choose which case to prosecute.

The cases cited by Defendants do not mandate a different conclusion. As with Defendants' harassment argument, each case may be distinguished. Three of Defendants' cases concern a defendant or defendants subjected to multiple indictments for the same act/conduct or offense. *See Smith v. Groose*, 205 F.3d 1045, 1049, 1052 (8th Cir. 2000) ("The question before us is whether the Due Process Clause forbids a state from using inconsistent, irreconcilable theories to secure convictions against two or more defendants in prosecutions for the *same offenses arising out of the same event*....To violate due process, an inconsistency must exist at the core of the prosecutor's cases against defendants for the *same crime*.) (emphasis added); *Thompson v. Calderon*, 120 F.3d 1045, 1058 (9th Cir. 1997) ("From these bedrock principles, it is well established that when no new significant evidence comes to light a prosecutor cannot, in order to convict two defendants at

---

[4]Velasquez argues (without citing any authority) that "this indictment and prosecution violate Due Process because the government will present an inconsistent theory from the 2002 trial of...Presbitero and Presbitero Drywall although no new evidence has come to light." As previously noted, Velasquez was never prosecuted in Case No. 02 CR 165. Despite that fact, Velasquez makes no attempt to explain how he could be subjected to an inconsistent theory of prosecution in the instant action. When coupled with Defendants' failure to establish the presence of inconsistent theories, this failure dooms Velasquez's argument.

5

separate trials, *offer inconsistent theories and facts regarding the same crime.*") (emphasis added); *United States v. Ashland-Warren, Inc.*, 537 F. Supp. 433, 434, 449-50 (M.D. Tenn. 1982) (government may be precluded from altering its position concerning substantive law in an effort to justify multiple indictments alleging *the same offense and filed against the same defendant*). A fourth case does not even address the issue of inconsistent theories of prosecution. *See Berger v. United States*, 295 U.S. 78, 79-81, 88-89 (1935) (new trial awarded as a result of prosecutorial misconduct consisting of "improper suggestions, insinuations, and...assertions of personal knowledge[;]" inconsistent theories of prosecution not asserted).

**ORDERED:** Defendants' Motion to Dismiss the Indictment is denied.

DATED: JAN 2-9 2004    ENTER: *George W. Lindberg*
HON. GEORGE W. LINDBERG
United States District Judge